**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Civil Division)**

| | | |
|---|---|---|
| **VINNIE WHITE**, | ) | |
| 7309 Quetzel Drive | ) | |
| Bowie, MD 20720 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | **COMPLAINT & JURY DEMAND** |
| | ) | |
| **MARYLAND AFRICAN AMERICAN** | ) | |
| **MUSEUM CORPORATION** | ) | |
| 830 E. Pratt Street | ) | |
| Baltimore, MD 21202 | ) | |
| | ) | |
| SERVE:    Anthony G. Brown | ) | |
| Attorney General for Maryland | ) | |
| Office of the Attorney General | ) | |
| 200 Saint Paul Street | ) | |
| Baltimore, MD 21202 | ) | |
| civil_service@oag.state.md.us | ) | |
| | ) | |
| Defendant. | ) | July 6, 2026 |
| | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Vinnie White (hereinafter "Plaintiff" or "Ms. White"), by and through her undersigned counsel, and sues Reginald F. Lewis Museum of African American History and Culture (hereinafter "Defendant" or "the Museum"), and for cause of action states, as follows:

**NATURE OF CASE**

1.      This is a civil action by the Plaintiff, seeking redress for the violation of rights guaranteed to her, by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq*.; and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et. seq*.

2.      On April 6, 2026, Plaintiff received her Notice of Right to File a Civil Action, providing that Plaintiff had ninety (90) days to file a civil action in the appropriate federal district court.

3.      Defendant, Maryland African American Museum Corporation, through its management of the Reginald F. Lewis Museum of African American History and Culture, unlawfully discriminated against Plaintiff due to her race (African American), sex (female), age (date of birth August 28, 1960), and in retaliation for reporting past discriminatory harassment.

4.      As a result, Plaintiff seeks equitable and monetary relief under Title VII and the ADEA including, back pay, front pay, compensatory damages for pain and suffering and emotional distress, punitive damages, attorney's fees and such other and further relief to which she is entitled under the law.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(3). The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state and local law causes of action. Jurisdiction is also appropriate as the actions complained of herein are actions and employment practices of Defendant, an Agency of the federal government.

6.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as a substantial part of the events giving rise to the claim occurred within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      On August 5, 2025, Plaintiff, filed a Charge of Discrimination against the Museum, with the Equal Employment Opportunity Commission ("the Commission"), EEOC Charge No.

531-2025-03035, alleging violations of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq*.; and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et. seq*.

8.      On September 3, 2025, the Museum filed its Position Statement in Response to Plaintiff's Charge.

9.      On September 26, 2025, Plaintiff filed an Amended Charge of Discrimination, including a claim of retaliation for previously reporting harassment.

10.     On September 30, 2025, Plaintiff filed her Rebuttal Statement to the Museum's September 3, 2025, Position Statement.

11.     On November 14, 2025, the Commission acknowledged receipt of the Amended Charge and confirmed it was served on the Museum on September 26, 2025.

12.     On April 6, 2026, the Commission issued a Determination and Notice of Rights, determining not to proceed with the investigation and notifying Plaintiff of her right to bring a lawsuit against the Museum within 90-days.

13.     All conditions precedent to jurisdiction have been complied with and all other administrative prerequisites have been met.

## DEMAND FOR A JURY TRIAL

14.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

## PARTIES

15.     Plaintiff is currently domiciled at 7309 Quetzel Drive, Bowie, MD 20720. Plaintiff is a resident of the State of Maryland and is a United States citizen.

16.     At all relevant times herein, Plaintiff served as Manager of Special Events and Facility Rentals with Museum.

17.     Plaintiff was born on August 28, 1960.

18.     Plaintiff is female.

19.     Plaintiff is African American.

20.     Defendant was created by the Maryland General Assembly as an independent agency of State Government through Maryland Code, State Government, Title 9, Subtitle 26.

## FACTUAL BACKGROUND

21.     Plaintiff held the position of Manager of Special Events and Facility Rentals with Museum from March 21, 2022, through October 9, 2024.

22.     From October 4, 2020, through March 21, 2022, Plaintiff worked for the Museum, performing a similar range of duties, as a contractor.

23.     Plaintiff's position as Manager of Special Events and Facility Rentals required her to organize floor layouts for rentals and special events, catering, rental contracts, and to manage the Museum's special events calendar.

24.     During her tenure with the Museum, Plaintiff managed hundreds of events and increased annual rental revenue for the Museum to over $600,000.00.

25.     When she was hired as a full-time employee on March 21, 2022, Terri Freeman, President of the Museum, promised that the Museum would hire additional staffing. However, the Museum did not finalize any hirings until January 2024. As a result, Plaintiff was frequently required to work beyond the essential functions of her position.

26.     On July 1, 2024, Ms. Freeman promoted Carole Johnson, then Ms. Freeman's Executive Assistant, to the position of Director of Operations and identified Ms. Johnson as

Plaintiff's first level supervisor. This vacancy was not publicly posted before Ms. Johnson was selected.

### Sexual Harassment

27.     From June 2023 through May 2024, Mr. Warran Lee, HR Manager, made a number of inappropriate comments of a sexual nature towards Plaintiff, including that:

a.     He liked to "pick up his big girls" and mimed a thrusting motion as if he were engaged in sexual intercourse;

b.     He believed Plaintiff could make money with an OnlyFans page. Mr. Lee explained to Plaintiff the purpose of this online platform, i.e., to make sexual content for subscribers, and gave the example of his friend's wife who, upon information and belief, posted content on the OnlyFans platform.

### Hostile Work Environment

28.     Beginning on or about March 1, 2023, and continuing through October 9, 2024, the Museum allowed Carole Johnson, Executive Assistant, to intentionally exclude Plaintiff from emails scheduling Museum staff meetings.

29.     Rather than include Plaintiff on these invitations, Ms. Johnson began including Kiarah DeShields, Special Events Coordinator, and Roscoe Davis, Special Events Technician.

30.     Both Ms. DeShields and Mr. Davis were Plaintiff's younger subordinates.

31.     From May 2023, through October 9, 2024, the Museum allowed a Caucasian employee, Dennis Bell, Facilities Manager, to mistreat Plaintiff and to interfere with the performance of her duties, including:

a.     On or about May 1, 2023, Plaintiff telephoned Mr. Bell to inform him that the lock on the loading dock had been removed. Mr. Bell did not respond to Plaintiff's

5

message.

b.    On Saturday June 3, 2023, at approximately 7:00 a.m., Plaintiff arrived at the Museum for an event scheduled at 10:30 a.m. Upon arriving, she discovered that the Facilities staff failed to set up the event space and were not present. Prior to this weekend, Plaintiff had provided Mr. Bell pre-event sheets detailing set-up times and staging requirements for four separate events scheduled for June 3, 2023.

i.    When Plaintiff informed Mr. Bell that the event spaces were not set up, he personally came to the Museum and began shouting at Plaintiff, telling her that "we should not be scheduling events on weekends."

ii.    By the time Mr. Bell reached the Museum, event guests had already arrived and were displeased with the appearance of the event spaces.

iii.    Plaintiff personally set up chairs for 200 guests across three events. Plaintiff could not set up chairs for the fourth event as the Facilities staff did not clean the fourth event space. Plaintiff was required to clean and remove trash from the fourth event space herself.

iv.    Plaintiff informed Ms. Johnson about Mr. Bell's hostility, but Ms. Johnson dismissed Plaintiff's concerns and told her that they needed to "learn how to work together."

c.    On June 23, 2023, Plaintiff texted Mr. Bell to inform him that one of Mr. Bell's subordinates, Tamar Jackson, Facilities Technician, did not clean up event space prior to another previously scheduled event. Mr. Bell did not respond, and Plaintiff was required to clean the event space herself.

6

d.      On or about April 20, 2024, Plaintiff texted Mr. Bell to inform him that the second-floor event space had not been properly cleaned or set up by the Facilities staff. Mr. Bell did not respond to Plaintiff's text. Further, Mr. Jackson falsely told the event organizer that it was not Facilities' responsibility to assist with preparing event spaces.

e.      On June 17, 2024, Mr. Bell interfered with Plaintiff's duties when he attempted to stop caterers from using the fourth-floor kitchen to prepare for an event. Mr. Bell shouted at Plaintiff and the caterers. Though not present, Ms. Johnson told Ms. Freeman that Mr. Bell's poor behavior did not take place.

f.      On July 1, 2024, Mr. Bell interfered with Plaintiff's duties when he attempted to stop caterers from using the fourth-floor kitchen to prepare for an event. Mr. Bell shouted at Plaintiff and the caterers. Though not present, Ms. Johnson told Ms. Freeman that Mr. Bell's poor behavior did not take place.

g.      On August 15, 2024, Mr. Bell complained to Mr. Lee and Ms. Johnson that Plaintiff was causing him and his staff "double work" because a Museum client requested a larger stage to be installed for an event, despite Plaintiff arranging for the delivery company to install the larger stage rather than the Facilities staff.

32.     On May 22, 2024, Plaintiff reported Roscoe Davis, Special Event Technician, to Mr. Lee after Mr. Davis immediately went to the break room for 90 minutes after clocking in for the day. Mr. Lee told Mr. Davis to view Plaintiff "like an aunt who is trying to help him."

33.     On August 7, 2024, Ms. Johnson posted a derogatory Facebook comment about Plaintiff. Ms. Johnson stated that Plaintiff "reminded her of the character on Steel Magnolias, Weezer (sic)" and that Plaintiff "was just mad all the time."

34.    Plaintiff reported Ms. Johnson's Facebook post to Mr. Lee, who refused to address this matter since the post was "a joke" and that Ms. Johnson deleted it.

*Adverse Employment Actions*

35.    On January 22, 2024, Terri Freeman, President, placed Plaintiff on a Performance Improvement Plan ("PIP").

36.    In the PIP, Ms. Freeman alleged that Plaintiff needed to 1) improve her skills with the Museum's Sales Force software, 2) improve her communications regarding scheduling events, and 3) improve her demeanor with staff and guests.

37.    During the January 22, 2024, PIP meeting, Ms. Freeman told Plaintiff that she felt Plaintiff "did not like her" and described Plaintiff as "arrogant" and "disrespectful." Ms. Freeman provided no examples of arrogant or disrespectful behavior towards Ms. Freeman, nor did she explain why believed Plaintiff did not like her.

38.    During the January 22, 2024, PIP meeting, Ms. Freeman indicated that Plaintiff was unable to learn the Sales Force software.

39.    On January 23, 2024, Mr. Lee approached Plaintiff and told her that she "was doing a great job" and did not know why she was placed on a PIP and that she needed to "ignore the background noise."

40.    Approximately two weeks after the January 22, 2024, PIP meeting, Ms. Freeman approached Plaintiff and expressed that Plaintiff was "doing an excellent job."

41.    From January 22, 2024, through October 9, 2024, the Museum never provided Plaintiff training on Sales Force.

8

42. The Museum assigned Plaintiff virtual training through ServiceSkills, allegedly to improve her managerial, customer service, and team building skills. Plaintiff avers that she completed each module in a timely manner.

43. The Museum never provided specifics to Plaintiff how her communication regarding event scheduling was unsatisfactory.

44. The Museum never provided specifics to Plaintiff about which guests and/or staff members complained about her demeanor during interactions.

45. The Museum never conducted any meetings, between January 22, 2024, through October 9, 2024, to discuss her progress on the PIP.

46. On October 9, 2024, the Museum terminated her employment.

47. Upon information and belief, Plaintiff's replacement as Special Events Manager, Monica Green, is younger than Plaintiff.

*Protected Activity*

48. On January 22, 2024, after the PIP meeting, Plaintiff informed Mr. Lee that she believed the Museum was trying to remove her from her position because of her age.

49. Also on January 22, 2024, Plaintiff told Mr. Lee that she believed that, were she male rather than female, she would not be treated in the same matter.

50. On or about June 10, 2024, Plaintiff reported Mr. Bell's June 3, 2024, refusal to clean the event spaces, his shouting, and his disrespectful behavior to Ms. Freeman.

51. On July 1, 2024, Plaintiff informed Ms. Freeman that Mr. Bell shouted at her and two caterers over the use of the fourth-floor kitchen.

9

52.     On or about July 1, 2024, Plaintiff raised concerns to Ms. Freeman that the competitive hiring process for the Director of Operations position was not followed when Ms. Freeman selected Ms. Johnson for the position.

53.     On or about August 7, 2024, Plaintiff reported to Mr. Lee that Ms. Johnson had posted derogatory comments about her on Facebook.

54.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII and the ADEA, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm, including back pay, for which she is entitled to an award of damages on each count.

55.     As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII and the ADEA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages on each count.

56.     With respect to all claims herein and at all relevant times, Defendant acted intentionally, wantonly, egregiously, with malice and reckless indifference to Plaintiff's rights, in violation of Title VII and the ADEA, entitling Plaintiff to an award of punitive damages on each count.

## CAUSES OF ACTION

## COUNT ONE– VIOLATION OF TITLE VII

57.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     Title VII prohibits discrimination in the terms, conditions, and privileges of employment due to an individual's race, sex, and for prior participation in protected activity.

59.     Plaintiff is able to establish a *prima facie* case of discrimination as a result of her race, color, sex, and having participated in prior EEO activity.

60.     Plaintiff is a member of numerous protected classes, as defined by Title VII, resulting from her status as an African American woman and as a result of her having participated in prior EEO activity. 42 U.S.C. §§ 2000e-2, 2000e-3.

61.     Defendant was aware of Plaintiff membership in the aforementioned protected classes under Title VII.

62.     Plaintiff was subjected to adverse employment actions when:

    a.  On January 22, 2024, the Museum placed her on a PIP; and

    b.  On October 9, 2024, the Museum terminated her employment.

63.     Plaintiff's coworkers, who do not share membership in the same protected classes as Plaintiff, were treated more favorably under similar circumstances.

64.     As a result of Defendant's unlawful conduct, Plaintiff has suffered the loss of employment benefits including wages, health insurance benefits and retirement, and pension benefits. In addition, as a consequence of Defendant's conduct, Plaintiff suffered pain and suffering, mental anguish, harm to her professional reputation, humiliation.

**COUNT TWO – VIOLATION OF THE ADEA**

65.     Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     The Age Discrimination in Employment Act prohibits discrimination in the terms, conditions, and privileges of employment due to an individual's age.

11

67.    Plaintiff is able to establish a *prima facie* case of discrimination as a result of her age.

68.    Plaintiff was, at that time and at all times mentioned herein, an employee covered by the ADEA as a result of her having been born on August 28, 1960.

69.    Defendant was, at that time and at all times mentioned herein, aware that Plaintiff was over the age of forty (40).

70.    Plaintiff was subjected to adverse employment actions when:

a.  On January 22, 2024, the Museum placed her on a PIP; and

b.  On October 9, 2024, the Museum terminated her employment.

71.    Plaintiff's younger coworkers were treated more favorably under similar circumstances.

72.    Upon information and belief, the Museum replaced Plaintiff with a younger employee.

73.    As a result of Defendant's unlawful conduct, Plaintiff has suffered the loss of employment benefits including wages, health insurance benefits and retirement, and pension benefits. In addition, as a consequence of Defendant's conduct, Plaintiff suffered pain and suffering, mental anguish, harm to her professional reputation, humiliation.

## COUNT THREE – HOSTILE WORK ENVIRONMENT UNDER TITLE VII

74.    Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.    Title VII prohibits discrimination in the terms, conditions, and privileges of employment due to an individual's race, sex, and for prior participation in protected activity.

12

76.    Plaintiff is a member of numerous protected classes, as defined by Title VII, resulting from her status as an African American woman and as a result of her having participated in prior EEO activity. 42 U.S.C. §§ 2000e-2, 2000e-3.

77.    Defendant was aware of Plaintiff membership in the aforementioned protected classes under Title VII.

78.    Defendant subjected Plaintiff to a hostile work environment on the bases of her race, sex, and prior protected activity when:

    a.  The Museum permitted Mr. Bell, a Caucasian employee, to repeatedly yell at her and frustrate the essential functions of her position by refusing to clean and set up event spaces;

    b.  Mr. Lee informed her about his sexual preferences; and

    c.  Mr. Lee suggested to Plaintiff that she should start an OnlyFans account.

**COUNT FOUR – HOSTILE WORK ENVIRONMENT UNDER THE ADEA**

79.    Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.    The Age Discrimination in Employment Act prohibits discrimination in the terms, conditions, and privileges of employment due to an individual's age.

81.    Plaintiff is able to establish a *prima facie* case of hostile work environment as a result of her age.

82.    Plaintiff was, at that time and at all times mentioned herein, an employee covered by the ADEA as a result of her having been born on August 28, 1960.

83.    Defendant was, at that time and at all times mentioned herein, aware that Plaintiff was over the age of forty (40).

13

84.    Defendant subjected Plaintiff to a hostile work environment on the basis of her age:

    a.   By permitting Ms. Johnson to exclude Plaintiff from staff meetings by including younger employees Ms. DeShields and Mr. Davis on staff meeting invitations;

    b.   When Mr. Lee referred to Plaintiff as an "aunt" to Mr. Davis;

    c.   When Ms. Johnson posted comments on Facebook negatively comparing her to an older character, Ouiser, from the movie Steel Magnolias; and

    d.   When Ms. Freeman suggested to Plaintiff that Plaintiff was "unable" to learn how to use the Museum's Sales Force software.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.    Preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.    A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII and the ADEA;

C.    Damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, loss of earning capacity, liquidated damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and for the physical exacerbations and aggravation of the Plaintiff's disability;

D.    Punitive damages to the extent authorized by law in an amount commensurate with Defendant's ability and so as to deter future unlawful conduct;

E.      Awarding Plaintiff costs and disbursements incurred in connection with this action,

including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, and other costs;

F.      Pre-judgment and post-judgment interest, as provided by law; and

G.      Granting Plaintiff other and further relief as this Court finds necessary and proper.

Respectfully Submitted,

Dated: July 6, 2026                    *VINNIE WHITE*


By:     TULLY RINCKEY, PLLC

*/s/ Stephanie Rapp-Tully_____*
Stephanie Rapp-Tully, Esq.
Bar Number 18555
Tully Rinckey, PLLC
2001 L Street, NW, Suite 902
Washington, D.C. 20036
E-Mail: srapptully@fedattorney.com
Phone: 202-375-2220

*Counsel for Plaintiff*

15